| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>BROEGE, NEUMANN, FISCHER & SHAVER, LLC<br>Timothy P. Neumann, Esq. [TN6429]<br>Geoffrey P. Neumann, Esq. [059702019]<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736<br>(732) 223-8484<br><br>*Attorneys for the Debtors-in-Possession/Plaintiffs*<br>*George Sariotis and Cindy Sariotis* | |
| In Re:<br><br>**GEORGE SARIOTIS AND CINDY SARIOTIS**,<br><br>  Debtors. | Case No.: 22-12916/MBK<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan |
| **GEORGE SARIOTIS AND CINDY SARIOTIS**,<br><br>  Plaintiffs,<br><br>  v.<br><br>**THALIA SARIOTIS, ELLYNN WETTER and RYAN WETTER,**<br><br>  Defendants. | Adv. Pro. No. 22-\_\_\_\_ |

**VERIFIED COMPLAINT FOR SALE OF REAL PROPERTY FREE AND CLEAR OF INTEREST OF CO-OWNERS PURSUANT TO 11 U.S.C. § 363(h) OF THE BANKRUPTCY CODE**

George Sariotis and Cindy Sariotis, debtors and debtors-in-possession in the above chapter 11 proceeding and the plaintiffs in this adversary proceeding (the "Debtors" or "Plaintiffs"), by way of complaint against defendants, Thalia Sariotis, Ellynn Wetter, and Ryan Wetter ("Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(M) and is brought pursuant to 11 U.S.C. § 363(h) and Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.").

2. This Court has jurisdiction as to the claims for relief sought herein under 28 U.S.C. § 1334.

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This Adversary Proceeding relates to the Chapter 11 proceeding styled *In re: George Sariotis and Cindy Sariotis*, Case No. 22-12916-MBK (Bankr. D. NJ) (Chapter 11), now pending in this Court (the "Main Case").

## THE PARTIES

5. Plaintiffs are the Debtors and Debtors-in-Possession in the Main Case and reside at 1801 Pitney Street, Oakhurst, New Jersey 07755.

6. Defendants are individuals who at all relevant times reside at 61 Redwood Drive, Ocean Township, New Jersey 07712.

## FACTUAL ALLEGATIONS

7. On April 10, 2022, Plaintiffs filed a voluntary joint Chapter 11 petition pursuant to section 301 of the United States Bankruptcy Code (11 U.S.C. 101 *et seq*, the "Bankruptcy Code") with this Court and thereby initiated the Main Case.

8. The Debtors own a 95% undivided interest as tenants in common in real property located at 61 Redwood Drive, Ocean Township, Monmouth County, New Jersey (the "Redwood Drive Property") which is property of the bankruptcy estate pursuant to section 541(a) of the Bankruptcy Code.

9. Defendant Thalia Sariotis, the mother of Debtor George Sariotis, owns a 5% ownership interest in the Property, is not a Debtor, and resides at the Redwood Drive Property.

10. A copy of the deed to the Property reflecting the current ownership is annexed hereto as **Exhibit A**.

11. Defendant Ellynn Wetter resides at the Redwood Drive Property and may have a possessory interest in the Redwood Drive Property.

12. Defendant Ryan Wetter claims to hold a power of attorney ("POA") signed by Defendant Thalia Sariotis. A copy of the POA is annexed hereto as **Exhibit B**.

13. Defendant Ryan Wetter also resides at the Redwood Drive Property and may have a possessory interest in the Redwood Drive Property.

14. The Sellers have entered into a contract to sell the Redwood Drive Property for a price of $620,000.00, a copy of which is annexed as **Exhibit C**.

15. Plaintiffs have entered into a contract to sell the Redwood Drive Property to Tony Smith and Elinor Smith for a sale price of $620,000.00 and have filed a motion [Dkt. 16] in the Main Case for authorization of the sale pursuant to section 363 of the Bankruptcy Code (the "Sale Motion") which is returnable on May 5, 2022.

## FIRST COUNT
### (Sale of Redwood Drive Property Free and Clear of Interests of Defendants)

16. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in paragraphs 1 through 15, inclusive, as if set forth fully and separately in this First Claim for Relief.

17. Plaintiffs are debtors-in-possession and vested with the powers of a chapter 11 trustee pursuant to section 1107 of the Bankruptcy Code.

18. Section 363(h) of the Bankruptcy Code authorizes a trustee, under the terms set forth therein, to sell the interest of a nondebtor in property jointly owned with a debtor.

19. The Redwood Drive Property is a single-family residence and partition is not practicable.

20. Selling the entire Redwood Drive Property including the interests of Defendants will bring far more to the estate then would be realized if only a 95% interest in the property was sold. Consequently, sale of the estates undivided interest in the Redwood Drive Property would realize significantly less for the estate then sale of such property free of the interests of defendants.

21. The benefit to the estate of a sale of the Redwood Drive Property free and clear of the interests of Defendants outweighs any detriment to the Defendants because:

    (a) Sale of the property will significantly reduce the debt owed by the Debtors.

    (b) The property was scheduled to be sold at a sheriff's sale just prior to the filing of the Chapter 11 petition and the interest of the Defendants would have been eradicated by that sale. In addition, junior liens would have been eradicated by a sheriff sale that will be paid out of the sales proceeds if the property is sold pursuant to the contract which will reduce the universe of unsecured creditors.

    (c) The contract of sale provides for a use of occupancy of the property until September 30, 2022, which substantially mitigates any hardship Defendants might otherwise sustain.

    (d) Defendants own only a 5% interest in the property and there is no equity in the property. Therefore, Defendants' economic interest in the property has no value.[1]

---

[1] In the unlikely event there were net proceeds of sale, 5% of that amount will be paid to Defended Thalia Sariotis.

4

(e) Defendants have been occupying the Redwood Drive Property without paying rent and should be paying rent[2].

22. The Redwood Drive Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

23. In light of the foregoing, subject to the disposition of the Sale Motion, the Debtors respectfully request that the Court authorize the sale of the Redwood Drive Property to Tony Smith and Elinor Smith or such other person or entity making a higher or better offer, free and clear of all rights, title and interests of the Defendants.

24. Because the Defendants might refuse to sign conveyancing documents, although such signatures are not required, Plaintiffs also seek a decree pursuant to Fed. R. Bankr. Proc 7070 specifically enforcing the section 363 (h) of the Bankruptcy Code by: (a) entry of a judgment divesting title in the prospective purchasers of the Redwood Avenue Property; and (b) expressly authorizing and empowering Plaintiffs to sign the deed, affidavit of title, and all ancillary documents on behalf of Defendants and that decreeing that such signatures will be as legally binding and have the same force and effect as if signed by the Defendants.

25. Plaintiffs also request that a copy of the order approving the sale and vesting title in the purchasers be recorded in the same place and manner as a deed and/or be attached to the deed of conveyance.

## SECOND COUNT
### (Vacation and Turnover of Premises)

---

[2] Plaintiffs are not presently seeking rent from Defendants or the immediate turnover of possession but reserve the right to seek immediate turnover and the payment of reasonable rent in the event Defendants contest the Complaint.

26. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in paragraphs 1 through 25, inclusive, as if set forth fully and separately in this First Claim for Relief.

27. Defendants must vacate the premises not later than September 30, 2022.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Thalia Sariotis, Ellyn Wetter, and Ryan Wetter as follows:

A. For judgment against Defendants determining that the Redwood Drive Property may be sold in accordance with Sale Motion and free and clear of all rights, title, and interests of the Defendants, including without limitation, the 5% undivided interest of Defendant Thalia Sariotis and the possessory interests, if any, of Defendants.

B. For judgment against Defendants decree specifically enforcing the section 363 (h) of the Bankruptcy Code by: (a) entry of a judgment pursuant to Fed. R. Bankr. Proc 7070 authorizing the sale of the Redwood Avenue Property vesting all title in the prospective purchasers of the Redwood Drive Property; and (b) expressly authorizing and empowering Plaintiffs to sign the deed, affidavit of title, and all ancillary documents on behalf of Defendants and that decreeing that such signatures will be as legally binding and have the same force and effect as if signed by the Defendants.

C. For judgment against Defendants decreeing that a copy of the order approving the sale be recorded in the same place and manner with the same force and effect as a deed signed by Defendants.

D. Ordering the Defendants to vacate the Redwood Drive Property and turnover possession of same on or before September 30, 2022.

E. For such other and further relief as may be appropriate to enable the Plaintiffs to complete the sale of the Redwood Drive Property in accordance with the contract of sale and have Defendants vacate in a timely manner.

> BROEGE NEUMANN FISCHER & SHAVER, LLC
> *Attorneys for Debtors/Plaintiffs*
> *George Sariotis and Cindy Sariotis*
>
> By: */s/ Geoffrey P. Neumann*
> Geoffrey P. Neumann, Esq.

Dated: April 22, 2022

## **VERIFICATION**

We have read the above complaint and declare under penalty of perjury that the facts set forth in the complaint are true. We acknowledge that if any of said facts are materially false, we are subject to punishment.

Dated: April 22, 2022 _____
 George Sariotis

 _____
 Cindy Sariotis