| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>BROEGE, NEUMANN, FISCHER & SHAVER, LLC<br>Timothy P. Neumann, Esq. [TN6429]<br>Geoffrey P. Neumann, Esq. [059702019]<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736<br>(732) 223-8484<br><br>*Attorneys for the Debtors-in-Possession/Plaintiffs*<br>*George Sariotis and Cindy Sariotis* | |
| In Re:<br><br>**GEORGE SARIOTIS AND CINDY SARIOTIS**,<br><br>    Debtors. | Case No.: 22-12619/MBK<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan |
| **GEORGE SARIOTIS AND CINDY SARIOTIS**,<br><br>    Plaintiffs,<br><br>        v.<br><br>**THALIA SARIOTIS, ELLYNN WETTER and RYAN WETTER,**<br><br>    Defendants. | Adv. Pro. No. 22-1109 |

**STATEMENT OF UNDISPUTED FACTS PURSUANT TO FED. R. BANK. P. 7056**

The following constitutes undisputed facts relevant to this matter:

1.    Plaintiffs are the Debtors and Debtors-in-Possession in the Bankruptcy Case and reside at 1801 Pitney Street, Oakhurst, New Jersey 07755 ("Plaintiffs" or "Debtors").

2.    Defendants are individuals who at all relevant times reside at 61 Redwood Drive, Ocean Township, New Jersey 07712 ("Defendants").

3. On April 10, 2022, the Plaintiffs filed a Voluntary Petition ("Petition") for relief under chapter 11 of the United States Code ("Bankruptcy Code"). See Main Case Docket No 1.

4. The Debtors own a 95% undivided interest as tenants in common in real property located at 61 Redwood Drive, Ocean Township, Monmouth County, New Jersey (the "<u>Redwood Drive Property</u>").

5. Defendant Thalia Sariotis, the mother of Debtor George Sariotis, owns a 5% ownership interest in the Property, is not a Debtor, and resides at the Redwood Drive Property.

6. A copy of the deed to the Redwood Drive Property reflecting the current ownership is annexed hereto as **Exhibit A**.

7. Defendant Ellynn Wetter resides at the Redwood Drive Property and may have a possessory interest in the Redwood Drive Property.

8. Defendant Ryan Wetter claims to hold a power of attorney ("<u>POA</u>") signed by Defendant Thalia Sariotis. A true copy of the POA is annexed hereto as **Exhibit B**.

9. Defendant Ryan Wetter also resides at the Redwood Drive Property and may have a possessory interest in the Redwood Drive Property.

10. Plaintiffs have entered into a contract to sell the Redwood Drive Property for a price of $620,000.00, a copy of which is annexed as **Exhibit C**.

11. Plaintiffs are debtors-in-possession and vested with the powers of a chapter 11 trustee pursuant to section 1107 of the Bankruptcy Code.

12. Section 363(h) of the Bankruptcy Code authorizes a trustee, under the terms set forth therein, to sell the interest of a nondebtor in property jointly owned with a debtor.

13. The Redwood Drive Property is a single-family residence and partition is not practicable.

14. Selling the entire Redwood Drive Property including the interests of Defendants will bring far more to the estate then would be realized if only a 95% interest in the property was sold. Consequently, sale of the estate's undivided interest in the Redwood Drive Property would realize significantly less for the estate then sale of such property free of the interests of Defendants.

15. The benefit to the estate of a sale of the Redwood Drive Property free and clear of the interests of defendants outweighs any detriment to the defendants because:

   (a) Sale of the property will significantly reduce the debt owed by the Debtors.

   (b) The property was scheduled to be sold at a sheriff's sale just prior to the filing of the Chapter 11 petition and the interest of the Defendants would have been eradicated by that sale. In addition, junior liens would have been eradicated by a sheriff sale that will be paid out of the sales proceeds if the property is sold pursuant to the contract which will reduce the universe of unsecured creditors.

   (c) The contract of sale provides for a use of occupancy of the property until September 30, 2022, which substantially mitigates any hardship Defendants might otherwise sustain.

   (d) Defendants own only a 5% interest in the property and there is no equity in the property. Therefore, Defendants' economic interest in the property has no value.[1]

   (e) Defendants have been occupying the Redwood Drive Property without paying rent and should be paying rent.

16. The Redwood Drive Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

---

[1] In the unlikely event there were net proceeds of sale, 5% of that amount will be paid to Defendant Thalia Sariotis.

3

17. In light of the foregoing, the Debtors respectfully request that the Court authorize the sale of the Subject Property to Tony Smith and Elinor Smith or such other person or entity making a higher or better offer, free and clear of interests of the Defendants.

18. Because the Defendants might refuse to sign conveyancing documents, although such signatures are not required, Plaintiffs also seek a decree pursuant to Fed. R. Bankr. Proc 7070 specifically enforcing the section 363 (h) of the Bankruptcy Code by: (a) entry of a judgment divesting title in the prospective purchasers of the Redwood Avenue Property; and (b) expressly authorizing and empowering Plaintiffs to sign the deed, affidavit of title, and all ancillary documents on behalf of Defendants and that decreeing that such signatures will be as legally binding and have the same force and effect as if signed by the Defendants.

19. Plaintiffs also request that a copy of the order approving the sale and vesting title in the purchasers be recorded in the same place and manner as a deed and/or be attached to the deed of conveyance.

Respectfully Submitted,

BROEGE NEUMANN FISCHER & SHAVER, LLC
*Attorneys for Debtors/Plaintiffs*
*George Sariotis and Cindy Sariotis*

By:    */s/ Geoffrey P. Neumann*
         Geoffrey P. Neumann, Esq.

Dated: April 26, 2022