| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>BROEGE, NEUMANN, FISCHER & SHAVER, LLC<br>Timothy P. Neumann, Esq. [TN6429]<br>Geoffrey P. Neumann, Esq. [059702019]<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736<br>(732) 223-8484<br>*Attorneys for the Debtors-in-Possession/Plaintiffs*<br>*George Sariotis and Cindy Sariotis* | |
| In Re:<br><br>GEORGE SARIOTIS AND CINDY SARIOTIS,<br><br>    Debtors. | Case No.: 22-12619/MBK<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan |
| GEORGE SARIOTIS AND CINDY SARIOTIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>THALIA SARIOTIS, ELLYNN WETTER and RYAN WETTER,<br><br>    Defendants. | Adv. Pro. No. 22-1109 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiffs George Sariotis and Cindy Sariotis are the Debtors and Debtors-in-Possession in the Bankruptcy Case and reside at 1801 Pitney Street, Oakhurst, New Jersey 07755 ("Plaintiffs" or "Debtors"). Defendants are individuals who at all relevant times reside at 61 Redwood Drive, Ocean Township, New Jersey 07712 ("Defendants"). The Debtors own a 95% undivided interest as tenants in common in real property located at 61 Redwood Drive, Ocean Township, Monmouth County, New Jersey (the "Property").

## STATEMENT OF FACTS

Defendant Thalia Sariotis, the mother of Debtor George Sariotis, owns a 5% ownership interest in the Property, is not a Debtor, and resides at the Property. Defendant Ellynn Wetter also resides at the Property and may have a possessory interest in the Property. Defendant Ryan Wetter claims to hold a power of attorney ("POA") signed by Defendant Thalia Sariotis. Defendant Ryan Wetter also resides at the Property and may have a possessory interest in the Redwood Drive Property.

Plaintiffs have contracted to sell the Property for $620,000.00. Selling the Property including the interests of Defendants will bring far more to the estate then would be realized if only a 95% interest in the property was sold. Consequently, sale of the estate's undivided interest in the Property would realize significantly less for the estate then sale of such property free of the interests of Defendants.

## LEGAL ARGUMENT

**I.    The Summary Judgment Standard**

Fed. R. Civ. P. 56(c) is incorporated in and made applicable to this proceeding by Fed. R. Bankr. P. 7056. Rule 56 requires the entry of summary judgment if the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, establish "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Zeta Consumer Prods. Corp. v. Equistar Chem. L.P.,* 291 B.R. 336, 345-46 (Bankr. D.N.J. 2003). Summary judgment is not "a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment helps strip away the underbrush and expose the heart of the controversy. *Fidelity Deposit Co. Of Maryland v. United States*, 187 U.S. 315, 320 (1902).

Summary judgment is appropriate when no "genuine issue of material fact" exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *see also In re County Seat Stores, Inc.*, 280 B.R. 319, 323 (Bankr. S.D.N.Y. 2002). In establishing the reasons for summary judgment, the moving party does not have the burden of "negating the opponent's claims." *Celotex*, 477 U.S. at 324-25. Rather, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence to allow a trier of fact to return a verdict in its favor. *See Matsushita Elec. Indus. Co., Ltd, v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. The nonmoving party must prove that a genuine dispute exists on the facts material to the controversy that require the case to be tried to a finder of fact. *County Seat*, 280 B.R. at 323.

An issue is "genuine" if it provides a basis for a "rational trier of fact to find for the nonmoving party." *Id.* And, if the nonmoving party fails to come forward with specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. *Matsushita*, 475 U.S. at 587; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (non-moving party must present specific evidence beyond the pleadings that would enable a jury to return a verdict in its favor and if that evidence is merely colorable, or not significantly probative, summary judgment should be granted).

## II. Plaintiffs are Entitled to Sell the Property Free and Clear of the Interests of the Defendants Pursuant to Section 363(h) of the Bankruptcy Code

As stated above, Defendant Thalia Sariotis holds a 5% interest in the Property. Defendants Ellynn Wetter and Ryan Wetter may have a possessory interest in the Property and Mr. Wetter may have a valid POA on behalf of Thalia Sariotis. Plaintiffs will receive no

monetary benefit from the sale of the Property as the liens encumbering the Property far exceed the sale price. The benefit to the Plaintiff's bankruptcy estate is however significant and far outweighs any detriment to the Defendants. 11 U.S.C. § 363(h) provides in pertinent part:

> [T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, *and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case*, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable.
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

*11 U.S.C.S. § 363* (LexisNexis, Lexis Advance through Public Law 117-102, approved March 15, 2022) (*emphasis supplied*).

Bankruptcy courts tasked with adjudicating the sale of estate property in the context of summary judgment have predictably applied the same four-part test codified by statute to determine whether or not the sale may include the ownership interest of a non-debtor. "The Bankruptcy Code has a specific four-prong test to be met when petitioning for the sale of property held by tenants in common, joint tenants, or tenants by the entirety. 11 U.S.C. § 363[h]. This test permits sale of such property only if" all four elements are satisfied. *In re Janoff*, 54 B.R. 741, 742 (Bankr. D.N.J. 1985).

The first and fourth elements are met categorically. Because the Property is a single-family residence it cannot be partitioned and sold. Likewise, as a single-family residence the

Property is not "in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power". *11 U.S.C. 363(h)(4).*

As for the second element of *11 U.S.C. 363(h)*, the following case law is illustrative.

> [E]stablishing whether a "sale of the bankruptcy estate's undivided interest would realize significantly less for the estate than a sale free of the co-owner's interest" is usually a low bar to meet. The Court acknowledges the reasoning set forth in *Ziegler:* [<u>*In re Ziegler*, 396 B.R. 1, 3 (Bankr. N.D. Ohio 2008)</u>]
>
> It is generally accepted that the sale of a bankruptcy estate's undivided interest will generate substantially less than the sale of the property free of each owner's interest because of the chilling effect that the sale of the undivided interest usually has on prospective purchasers of the property.
>
> *Stein v. Baldwin (In re Baldwin),* Nos. 20-12300, 21-1014, 2021 Bankr. LEXIS 2410, at *28-29 (Bankr. N.D. Ohio Sep. 1, 2021).

Selling the entire Redwood Drive Property including the interests of Defendants will bring far more to the estate then would be realized if only a 95% interest in the property was sold. Consequently, sale of the estate's undivided interest in the Property would realize significantly less for the estate then sale of such property free of the interests of Defendants.

As to weighing the detriment of harm to the Defendants versus the benefit to the estate as codified in the third prong of 11 U.S.C. § 363(h), *Baldwin* is also instructive.

> Detriment has been defined as "economic hardship, as well as any loss, harm, injury or prejudice resulting from the involuntary displacement." *In re DeRee*, 403 B.R. 514, 523 (Bankr. S.D. Ohio 2009); *Kelley*, 304 B.R. at 339 (court may consider both economic and non-economic factors to determine detriment). Yet, the defendant must actually provide evidence of detriment to overcome the benefit to the estate. *Kelley*, 304 B.R. at 339 ("[w]ithout specific evidence, the court can only analyze possible detriment, which is not sufficient to outweigh benefit to the estate"); *Bell*, 347 F. Supp.3d at 368; *In re Phillips*, 379 B.R. 765, 796-97 (Bankr. N.D. Ill. 2007).
>
> *Id* at 30.

The benefit to the estate of a sale of the Property free and clear of the interests of defendants outweighs any detriment to the defendants because: (a) sale of the property will significantly reduce the debt owed by the Debtors; (b) The property was scheduled to be sold at a sheriff's sale just prior to the filing of the Chapter 11 petition and the interest of the Defendants would have been eradicated by that sale. In addition, junior liens would have been eradicated by a sheriff sale that will be paid out of the sales proceeds if the property is sold pursuant to the contract which will reduce the universe of unsecured creditors; (c) the contract of sale provides for a use of occupancy of the property until September 30, 2022, which substantially mitigates any hardship Defendants might otherwise sustain; (d) defendants own only a 5% interest in the property and there is no equity in the property. Therefore, Defendants' economic interest in the property has no value[1]; (e) Defendants have been occupying the Property without paying rent and should be paying rent. It should also be noted that without Plaintiffs filing for bankruptcy the Property would have been sold at a sheriff sale on April 11, 2022 and the Defendants would have been forced to vacate much sooner than September 30, 2022 as per the sale contract.

## CONCLUSION

These facts are material and are not disputed. Based upon the foregoing, it is respectfully submitted that the relief sought in the Verified Complaint should be granted.

Respectfully submitted,

BROEGE, NEUMANN, FISCHER & SHAVER LLC
*Attorneys for Debtors/ Plaintiffs, George Sariotis and Cindy Sariotis*

By: /s/ *Geoffrey P. Neumann*
GEOFFREY P. NEUMANN

Date: April 25, 2022

---

[1] In the unlikely event there were net proceeds of sale, 5% of that amount will be paid to Defendant, Thalia Sariotis.